IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-mj-01138-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     TORREY VASHON BANKS,

      Defendant.

---

ORDER DENYING MOTION FOR DETENTION

---

      THIS MATTER came before the Court for a detention hearing on July 30, 2018.

      The government is requesting detention in this case. The defendant contested detention and both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

      In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including–

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

While the Government argued that the rebuttable presumption applied to this case, the court concludes that it does not. Defendant is charged with a single count of Felon in Possession

of a Firearm, in violation of 18 U.S.C. § 922(g).   Based on the court's review of Defendant's criminal history, it does not appear that the rebuttable presumption is triggered by the "previous violation presumption," that requires that the person be previously convicted of a crime enumerated by 18 U.S.C. § 3142(f) while on release pending trial for a federal, State, or local offense in a period of not more than five years since the date of conviction or the release of the person from incarceration.   Defendant's supervised release on a previous action for a conviction of Felon in Possession of a Firearm, Criminal Case No. 02-cr-00109-WYD, was revoked on October 29, 2012, based on Defendant's admission of a number of supervised release violations. The Honorable Wiley Y. Daniel sentenced him thirteen months incarceration, to run consecutively with state sentences arising from new law violations associated with revocation of his supervised release, so Defendant is alleged to have violated 18 U.S.C. § 922(g) within five years of his release from incarceration arising from his Judgment on Supervised Release Violations.   [Criminal Case No. 02-cr-00109-WYD, ECF No. 94 at 3].   But a conviction of Felon in Possession in violation of 18 U.S.C. § 922(g) is not enumerated by 18 U.S.C. § 3142(e), and is not inherently a crime of violence.   *See United States v. Vorrice*, 277 F. App'x 762, 763 (10th Cir. 2008) (observing that § 922(g) is not an enumerated offense within § 3142(e)); *United States v. Ingle*, 454 F.3d 1082, 1086 (10th Cir. 2006) (holding that a violation of 18 U.S.C. § 922(g) is not inherently a crime of violence).   The only other conviction with the five year period incurred by appears to be a misdemeanor for "Driver's License Permit, Unauthorized Person to Drive on March 18, 2016. Therefore, this court concludes that the previous violation presumption is not triggered.   In

addition, it does not appear that there is a Controlled Substance offense charged that would trigger the presumption.  Again, because 18 U.S.C. § 922(g) is not among the offenses specified in the second full paragraph of § 3142(e), this charge cannot, standing alone, properly trigger to the drug-and-firearm presumption.  *United States v. Vorrice*, 277 F. App'x 762, 763 (10th Cir. 2008).  This court thus proceeds to determine the factors set forth in § 3142(g) of the Bail Reform Act.

Without the presumption, the Government bears the burden of establishing that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required by a preponderance of the evidence.  Alternatively, the Government must establish by clear and convincing evidence that there are no conditions or combination of conditions of release that will reasonably assure the safety of another or the community.  The Government argued that detention was necessary either because Defendant presents a risk of non-appearance and a risk to the community that cannot be mitigated with conditions of release.  With respect to the risk of non-appearance, the Government focused upon Defendant's extensive criminal history, that includes at least 15 failures to appear, criminal activity while on supervision, and his failures to comply with community supervision and two revocations of supervised release associated with Criminal Case No. 02-cr-00109-WYD.  Defendant contended that he is gainfully employed and has been for the last two years since being released from incarceration; that he has a stable residence; that he is acting as a parent to two sons and a caretaker to his father; and that he is in the process of applying for Social Security benefits.

There can be no dispute that Defendant's prior criminal record, including his record of

voluntarily appearing at court proceedings, is dismal. Defendant has a history of failing to appear on both misdemeanor and felony charges, and has failed to appear for sentencing, at least once. Defendant also has a history of failing to comply with community supervision on at least five occasions, and using at least seven alias names, one alias date of birth, and one alias Social Security number. But the court was able to confirm that Defendant has been employed steadily from the third quarter of 2015; that his family is located in Denver, Colorado and that he is a lifetime resident of Colorado. And since his release from incarceration in 2015, there is no indication of a failure to appear.

This court also acknowledges Defendant's lengthy criminal history that includes four other convictions involving firearms; allegations of sexual assault; and burglary. This history necessarily gives the court pause with respect to the danger to the community posed by Defendant. But the court notes that since Defendant's release from incarceration in 2015, he has been acquitted by a jury of a misdemeanor charge of Indecent Exposure and has pled guilty of Unauthorized Driving, and has no serious charges until this Indictment that allegedly occurred on February 28, 2018. And at some point, all convicted individuals who have served their terms of incarceration should be permitted to rejoin and participate in society, and should be afforded some measure of, for lack of a better legal term, benefit of the doubt. To conclude otherwise would simply be to give up on the notion that part of the purpose of our criminal justice system is to rehabilitate offenders.

Therefore, this court concludes that it can fashion a combination of conditions that will

permit Defendant to remain on bond pending trial in the action in the United States District Court for the District of Kansas.   In so ruling, this court notes the record of Defendant's repeated difficulties with complying with conditions of supervision, and **this court specifically advises Defendant that such behavior on pretrial release in this action will not be tolerated**. Accordingly, in addition to standard conditions of bail, Defendant will be required to be on home detention; to be monitored by a GPS tracking system; and to report, on at least a monthly basis, directly to the undersigned Magistrate Judge to be set by the Pretrial Services Officer until further order of the court.   **Defendant is specifically advised that any violation of the conditions of his release may result in an immediate issuance for a warrant for his arrest and revocation of his pretrial release**.

In recognition that there has not been an inspection of Defendant's home to determine if it is appropriate for pretrial release, and that the United States Attorney and the presiding judge in the United States District Court for the District of Kansas may not agree with this court's ruling, this court *sua sponte* stays this Order for three business days to allow the United States Probation Office conduct a home inspection and to allow time for the Government to file an appeal, if desired, to the presiding judge.

Accordingly, **IT IS ORDERED** that:

(1)     The Government's Motion for Detention is **DENIED**, for the reasons set forth herein; and

(2)     A bond release hearing is **SET** for August 6, 2018 at 11:30 a.m. before Magistrate

Judge Nina Y. Wang, Courtroom C-502, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, unless an appeal is filed by the Government.

DATED:   July 31, 2018                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge