# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  18-mj-01138-KLM

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

1. **TORREY VASHON BANKS**

 Defendant.

---

## UNITED STATES' MOTION TO CONTINUE STAY OF RELEASE ORDER PENDING APPEAL TO COURT OF ORIGINAL JURISDICITON

---

 The United States of America, by and through Judith A. Smith, Assistant United States Attorney (the "Government"), pursuant to Bail Reform Act at Title 18 U.S.C. §§ 3142 and 3145, hereby respectfully moves the court to extend the period of the stay of its release order to allow the court of original jurisdiction to consider the Government's appeal of the Honorable Magistrate Judge Nina Y. Wang's order of release.

 On June 27, 2018, a federal Grand jury in the District of Kansas District of Kansas returned an Indictment charging the above-captioned defendant with possession of a firearm by a prohibited person. *United States v. Banks*, 18-cr-40060-DDC, D. Kansas, Doc. 1. On July 25, 2018 the defendant was arrested on the Government's warrant in the District of Colorado. On July 25, 2018, the defendant was brought before the honorable United States Magistrate Judge Nina Y. Wang for Rule 5 proceedings in District of Colorado.

 On July 30, 2018, the defendant waived the identity hearing and the parties submitted

1

facts and arguments on the government's motion for detention. Doc. 8. On July 31, 2018, Honorable Magistrate Judge Wang issued a written order denying the government's motion for detention. Doc. 9. The Court stayed its decision *sua sponte* for three business days to permit the United States Probation Office to conduct a home inspection or, alternatively, for the government to file an appeal. Doc. 9 at 6. The matter is set for a bond release hearing in the District of Colorado on August 6, 2018 at 11:30a.

On August 2, 2018, the Government filed with the United States District Court for the District of Kansas a motion for review and for stay of the release order. 18-cr-40060, Doc. 4 (attached). However, the court has not yet ruled on the motion. As a result, the Government requests that the order of release be stayed for an additional time to allow the court in Kansas to rule on the Government's motion. The Government submits that if the Defendant is released while the Government's motion on release is pending, the Defendant's incentive to flee will be increased. Additionally, if the order of release is effected or implemented and the Defendant is released before the District Court has the opportunity to consider this Motion, the issue may be conclusively disposed of without the District Court exercising its authority under 18 U.S.C. § 3145, and possibly under its Constitutional power of review.

Once the question of bond has been elevated to an Article III Judge, the jurisdiction of the United States Magistrate Judge is limited. Relations between Article III Judges and Magistrate Judges were at issue in *United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009), where an appeal of a probable cause and detention ruling before a magistrate was asked to be reviewed by the district court. The defendant argued that the district court had no authority to disturb the magistrate judge's ruling. The Fifth Circuit disagreed and noted, "[T]he Supreme Court has stressed that the reviewability of a magistrate judge's actions is a critical factor in

considering the propriety of an Article III judge's delegation of authority to a magistrate judge." *Id.* at 228 (citation omitted). In approving the authority to issue a stay of the magistrate's order, the court concluded the obvious:

> [Defendant] correctly argues that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*Id.* at 230.

Accordingly, the Government requests that the court allow for a short continuance of the stay on the order of release until the court of original jurisdiction has the opportunity to rule on the Government's motion filed there.

Respectfully submitted this 3rd day of August, 2018.

                                                ROBERT C. TROYER
United States Attorney

*s/ Judith A. Smith*
Assistant United States Attorney
United States Attorney's Office
1801 California St., Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0406
E-mail:  Judith.Smith3@usdoj.gov
Attorney for the United States

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2018, I electronically filed the foregoing **UNITED STATES' MOTION TO CONTINUE STAY OF RELEASE ORDER PENDING APPEAL TO COURT OF ORIGINAL JURISDICITON**  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert Pepin, Robert_Pepin@fd.org

*s/ Judith A. Smith*
Assistant United States Attorney
United States Attorney's Office
1801 California St., Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0406
E-mail:  Judith.Smith3@usdoj.gov
Attorney for the United States
usdoj.gov
Attorney for Government

4