IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-mj-01138-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TORREY VASHON BANKS,

      Defendant.

---

**MOTION FOR A STAY OF COMMITMENT TO ANOTHER JURISIDICTION AND/OR TRANSPORT PENDING APPEAL OF DISTRICT COURT'S DETENTION ORDER**

---

Torrey Vashon Banks, by and through his attorney, Assistant Federal Public Robert W. Pepin, moves this Court to order that Mr. Banks not be transferred to the District of Kansas for ten days in order to allow his counsel the opportunity to appeal the order of detention entered by the U.S. District Court in Kansas. As grounds Mr. Banks states:

1. Torrey Banks was arrested in Kansas on February 28, 2018 and charged in state court with some version of possession of a firearm by a felon. Mr. Banks posted bond, returned to his home in Colorado, and traveled back to Kansas to appear in state court on his bond. During that appearance, the state charges were dismissed and the bond was released. Mr. Banks returned to Colorado where he resumed his law-abiding life until he was arrested on July 25, 2018 in the District of Colorado pursuant to a warrant issued by the U.S. District Court for the District of Kansas. (Doc.#1 & 2)

2.  Mr. Banks completed a CJA 23 Financial Affidavit and the office of the Federal Public Defender for the District of Colorado was appointed on July 25, 2018. The Colorado Federal Defender is the only counsel Mr. Banks presently has to help ensure that his various rights are being respected. (Doc.# 4 & 5) Undersigned counsel entered his appearance on July 27, 2018. (Doc. #7)

3.  On July 30, 2018, identity and detention hearings were held before Magistrate Judge Nina Y. Wang. Mr. Banks waived the identity hearing. The government, sought detention, arguing that the charges required a presumption of detention pursuant to 18 U.S.C. § 3142. Mr. Banks objected, asserted that there was no such presumption, and requested release on bond with conditions. Both sides presented arguments, with the defense, among other things pointing out the voluntary appearance in Kansas on the state court bond for the same charges and Mr. Bank's clear record since his release from prison three years ago.  Magistrate Judge Wang took the matter under advisement.

4.  On July 31, 2018, Magistrate Judge Wang issued her ORDER DENYING DETENTION. (Doc # 9)  In the order she confirms that a rebuttable presumption of detention does not apply in this case. She points out that the burden of establishing that no condition or combination of conditions of release will reasonably assure the appearance of the defendant by a preponderance of the evidence or that no condition or combination of

2

conditions of release will reasonably assure the safety of another or the

community by clear and convincing evidence, is squarely on the government.

Magistrate Judge Wang acknowledges Mr. Banks' lengthy criminal history

and failures to appear and comply but she points out that Mr. Banks has had

confirmed, steady employment since 2015; that he has lifetime and familial

ties to Colorado; and that since his release from prison, he has not failed to

appear. The judge pointed out that since his release Mr. Banks was charged

with a misdemeanor, of which he was acquitted by a jury; he pled guilty to

Unauthorized Driving; and he has not faced serious charges until the instant

offense.

5.  Magistrate Judge Wang ordered Mr. Banks' release with standard conditions

of bail, adding the special conditions of home detention, GPS monitoring, and

a monthly direct report to her court as scheduled by the Pretrial Services

Officer.

6.  Magistrate Judge Wang sua sponte ordered a stay of the release order to

allow inspection of Mr. Banks' home by Pretrial Release and to provide the

opportunity for the government to file an appeal of her order. A release

hearing was scheduled for August 6, 2018 at 11:30 a.m.

7.  On August 2, 2018, in the District of Kansas, the government filed a Motion

For Review of Detention (Case No. 18-cr-40060-DDC, Document #4). That

motion simply seeks *de novo* review and appeal of Magistrate Judge Wang's

order denying detention. As grounds, the government writes, without

elaboration, that they think Mr. Banks is a risk of flight and danger to the community. The government sought an evidentiary hearing.

8. On August 3, 2018 AUSA Judith Smith of Colorado filed United States' Motion to Continue Stay of Release Order Pending Appeal to Court of Original Jurisdiction (Doc # 12.) In essence, the motion says that the Kansas prosecutors had filed their appeal on August 2 but that the Kansas District Court had not had time to address it. The motion requests an extension of the stay of the release order to allow for Kansas Court's consideration. On August 6, Magistrate Judge Wang addressed the government's motion of a stay and vacated the release hearing. (Docket # 13 & 14)

9. On August 7, 2018 U.S. District Court Judge Crabtree for the District of Kansas entered an Order (Case No. 18-cr-40060-DDC, Document #5) granting the Kansas prosecutor's motion, staying Judge Wang's order denying the government's motion for detention, and ordering that Mr. Banks be remanded to the custody of the U.S. Marshals and transported forthwith to the District of Kansas.

10. District Court Judge Crabtree's Order is devoid of any reference to the basis for his conclusions, other than to state that he has been fully advised of the premises of the government's motion. The government's motion included no premises other than their bare assertion that they disagreed with Magistrate Judge Wang. No evidentiary hearing on the motion was held. The record of the Colorado detention hearing does not appear to have been provided to the Court.

11. Rule 9 of the Federal Rules of Appellate Procedure governs detention appeals. *See* DAVID N. ADAIR, FED. JUDICIAL CTR., THE BAIL REFORM ACT OF 1984 35 (2006), https://www.fjc.gov/sites/default/files/2012/BailAct3.pdf. Per Rule 9, a court "must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, 3145 (c)." Fed. R. App. P. 9. Under 18 U.S.C. § 3142, the government can only detain an individual after a hearing that follows the procedures circumscribed by 18 U.S.C. § 3142 (f). 18 U.S.C. § 3142 (e)(1) (2008) ("If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."). The plain language of this portion of the statute dictates that, at a detention hearing, the individual "has the right to be represented by counsel." 18 U.S.C. § 3142 (f). Further, the Advisory Committee's Note indicates that appeals require "reasonable notice."

12. The primary purpose of 18 U.S.C. §3142(i)(1), establishing the requirements of a detention order, is to ensure that the reasons underling a detention order are articulated with sufficient clarity to permit appellate review. *United States v. Goodman*, 145 Fed. Appx. 282, 282 (10th Cir. 2005).

13. Mr. Banks has been ordered detained with no opportunity for a hearing, no participation by his court appointed counsel, and no presentation of the information pertinent to factors to be considered pursuant to §3142(g) by

5

either party. The order detaining Mr. Banks does not articulate any reasons

for detention.

14. Counsel for Mr. Banks is examining the possibility of appealing District Court

Judge Crabtree's order and requests that his transfer to Kansas be delayed

for ten days to allow for  that decision and any appropriate appellate filings.

Respectfully submitted,


VIRGINIA L. GRADY
Federal Public Defender



s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert_Pepin@fd.org
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2018, I filed the foregoing **MOTION FOR A STAY OF COMMITMENT TO ANOTHER JURISIDICTION AND/OR TRANSPORT PENDING APPEAL OF DISTRICT COURT'S DETENTION ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Martha A. Paluch, Assistant United States Attorney
E-mail: martha.paluch@usdoj.gov

Judith Smith, Assistant United States Attorney
E-mail: Judith.Smith3@usdoj.gov
I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Torrey Vashon Banks  (via U.S. mail)
Register No.  31032-013
c/o FDC - Englewood

s/ Robert W. Pepin
ROBERT W. PEPIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert_Pepin@fd.org
Attorney for Defendant