IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-mj-01138-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TORREY VASHON BANKS,

    Defendant.

## GOVERNMENT'S RESPONSE TO MINUTE ORDER, ECF 22

    The United States of America, by and through Robert C. Troyer, United States Attorney for the District of Colorado, and Martha A. Paluch, Assistant United States Attorney, respectfully responds to the Minute Order filed by the Court in this matter, ECF 22, as follows:

    **1.    Introduction.**

    On July 25, 2018, the defendant was arrested in the District of Colorado pursuant to a warrant issued by the United States District Court for the District of Kansas. ECF 1, 2. This warrant emanated from a one-count Indictment returned by the grand jury in the District of Kansas on June 27, 2018. D.Kan.No. 5:18-cr-40060-DDC, ECF 1.

    Count 1 of the Indictment alleges that on February 28, 2018, in the District of Kansas, the defendant was found to be in possession of a firearm after having been previously convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(3)(1). The defendant's predicate conviction occurred on

1

December 19, 2002, in the United States District Court for the District of Colorado, Case No. 02-cr-0109-WYD.  This time, the defendant was found to be in possession of a Taurus, model PT111 Millennium Pro, 9 millimeter caliber pistol, bearing serial number TAN21210, which had been shipped and transported in interstate and/or foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). D.Kan.No. 5:18-cr-40060-DDC, ECF 1.

The defendant appeared before this Court on July 30, 2018, for identity and detention hearings.  The defendant waived the identity hearing.  A detention hearing was held, with both parties presenting proffers.  The Court took the matter under advisement, pending issuance of a written order.

On July 31, 2018, the Court issued an Order Denying Detention. ECF 9.  The Court ordered the defendant's release with conditions, and sua sponte ordered a stay of the release order to allow inspection by the Pretrial Services Officer of the defendant's proposed residence while on release, and to provide the opportunity for the government to file an appeal of her order.  A release hearing was scheduled for August 6, 2018. ECF 9 at 6-7.

On August 2, 2018, the government filed with the United States District Court for the District of Kansas a Motion for Review and for Stay, seeking to stay this Court's release order.   D.Kan.No. 5:18-cr-40060-DDC, ECF 4.

On August 3, 2018, the United States Attorney's Office for the District of Colorado filed its Motion to Continue Stay of Release Order Pending Appeal to Court of Original Jurisdiction.   ECF 12.

2

On August 7, 2018, the Honorable Daniel D. Crabtree, United States District Court Judge for the District of Kansas, the court of original jurisdiction, entered an order:

1. Staying this Court's order of release ("the order denying the government's motion for detention is stayed.").

2. Ordering "that defendant be remanded to the custody of the United States Marshal Service and transported forthwith to the District of Kansas."

3. Ordering "that upon the defendant's arrival to the District of Kansas that counsel for the United States shall notify the court and the matter be set for a review hearing thereafter."

D.Kan.No. 5:18-cr-40060-DDC, ECF 5.

On August 8, 2018, in the District of Colorado, the defendant filed a Motion for a Stay of Commitment to Another Jurisdiction and/or Transport Pending Appeal of District Court's Detention Order, ECF 20. In his motion, the defendant asserts he "is examining the possibility of appealing District Court Crabtree's order and requests that his transfer to Kansas be delayed for ten days to allow for that decision and any appropriate appellate filings." ECF 20 at 6.

On August 9, 2018, the Court issued a Minute Order noting that the defendant "cites no authority that this magistrate judge has any remaining jurisdiction over Defendant, or the authority to take any action that appears contrary to Judge Crabtree's Order." ECF 22. Accordingly, the Court ordered that the government "file its Response by close of business tomorrow, August 10, 2018, specifically addressing the issue of jurisdiction and authority (or lack thereof) to stay the Commitment to Another District."

3

ECF 22.

### 2. Analysis.

Since the Indictment in this matter comes from the District of Kansas, the District of Kansas is the court of original jurisdiction in this matter.

The Tenth Circuit addressed the issue at hand in *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003). There, Cisneros was arrested in Arizona on an indictment returned in New Mexico. The magistrate judge in Arizona denied the government's motion for detention and ordered that Cisneros be released on conditions. *Id.* at 612. Cisneros appeared before a magistrate judge in New Mexico who adopted the conditions of release of the Arizona magistrate judge. One month later, the government sought an order revoking the conditions of release. The same magistrate in New Mexico ordered that the defendant be detained as she posed both a risk of flight and a danger to the community. *Id.* at 613. Cisneros appealed to a district court judge in New Mexico who affirmed the order of detention. Cisneros then appealed to the Tenth Circuit arguing that the New Mexico district court judge lacked authority to reconsider the original release order issued by the magistrate judge in Arizona. *Id.*

The Tenth Circuit held that 18 U.S.C. § 3145(a)(1) controlled. *Id.* at 615. That provision provides that, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order . . . ." § 3145(a)(1). The Tenth Circuit held that the review process conducted regarding Cisneros's case was improper, and that

instead, the motion for revocation of the release order "should [have been] considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." 328 F.3d at 615 (citations omitted); *United States v. Nafea*, No. 08-mj-1069-BNB, 2008 WL 1994888 (D. Colo. May 6, 2008) (quoting *Cisneros* to find that government's motion seeking to revoke an order of release issued by a magistrate judge in the arresting district "should be considered and ruled upon in the first instance by a *district judge* in the court of original jurisdiction") (emphasis in original).

The *Cisneros* court also held that § 3145(a)'s reference to "a court having original jurisdiction over the offense" must "be interpreted as the district judge assigned to the case." 328 F.3d at 615. This provision authorizes "a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district." *Id.* The *Cisneros* court concluded the magistrate judge in New Mexico had "no authority to rule on the government's motion to revoke the Arizona magistrate judge's release order." *Id.* As applied here, the District of Kanas is the "court having original jurisdiction over the offense" because the District of Kansas is the district in which the indictment charging Banks was returned and in which the prosecution is pending. Only Judge Crabtree has the authority to review this Court's order denying detention. Accordingly, pursuant to § 3145(a), this Court lacks jurisdiction over the defendant and his recent motion to stay.

The appropriate filings have occurred in the District of Kansas, and Judge Crabtree has not only recognized jurisdiction and venue, but has entered binding orders:

       1.      Staying this Court's order of release ("the order denying the government's motion for detention is stayed.").

       2.      Ordering "that defendant be remanded to the custody of the United States Marshal Service and transported forthwith to the District of Kansas."

       3.      Ordering "that upon the defendant's arrival to the District of Kansas that counsel for the United States shall notify the court and the matter be set for a review hearing thereafter."

D.Kan.No. 5:18-cr-40060-DDC, ECF 5.

For all of the above-stated reasons, jurisdiction, venue and authority to stay the proceedings in this matter all now lie in the District of Kansas.

### 3.   Conclusion.

The defendant's Motion For a Stay of Commitment to Another District and/or Transport Pending Appeal of District Court's Detention Order, ECF 20, should be denied.

                                           Respectfully submitted,

                                           s/ *Martha A. Paluch*
                                           MARTHA A. PALUCH
                                           Assistant U.S. Attorney
                                           United States Attorney's Office
                                           1801 California Street, Suite 1600
                                           Denver, CO 80202
                                           Telephone: 303-454-0200
                                           Email: Martha.Paluch@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 10, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system that will send a notice of electronic filing to counsel of record for the defendant in this matter.

                                         s/ *Martha A. Paluch*
                                         MARTHA A. PALUCH
                                         Assistant U.S. Attorney
                                         United States Attorney's Office
                                         1801 California Street, Suite 1600
                                         Denver, CO 80202
                                         Telephone: 303-454-0200
                                         Email: Martha.Paluch@usdoj.gov