IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-mj-01138-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    TORREY VASHON BANKS,

    Defendant.

---

**ORDER DENYING MOTION FOR STAY OF
COMMITMENT TO ANOTHER DISTRICT**

---

Magistrate Judge Nina Y. Wang

Pending before this court is a "Motion for A Stay of Commitment to Another Jurisdiction and/or Transport Pending Appeal of District Court's Detention Order" ("Motion for Stay of Commitment to Another District" or "Motion") by Defendant Torrey Vashon Banks ("Defendant" or "Mr. Banks") [#20, filed August 8, 2018]. Upon consideration of Defendant's Motion for Stay of Commitment to Another District and the Government's Response, [#24], this court respectfully **DENIES** the Motion.

## BACKGROUND

On June 27, 2018, a grand jury for the United States District Court for the District of Kansas

indicted Defendant on a single count of Possession of a Firearm by an Unauthorized Person, in violation of 18 U.S.C. § 922(g).[1] [#1]. Defendant was arrested on July 25, 2018 in Colorado, and was brought before the United States District Court for the District of Colorado for an initial appearance that same day. *See* [#3]. Three days later, Defendant appeared before this Magistrate Judge for an identity and detention hearing. *See* [#8]. Defendant waived his identity hearing, and the Government moved to detain Defendant pending trial in this matter, arguing that Defendant was both a risk of non-appearance and a risk of danger to the community. *See* [#11]. Mr. Banks contested detention, and the court took the matter under advisement. *See* [#8].

On July 31, 2018, this court issued an Order denying the Government's Motion for Detention, finding that it could fashion a combination of conditions that would reasonably assure Defendant's appearance at future court proceedings and mitigate the risk of danger to the community. *See* [#9]. Recognizing that Defendant was subject to an out-of-district indictment, and that Defendant had a significant criminal history, the undersigned Magistrate Judge stayed the Order for three days and set a bond release hearing for August 13, 2018, to be vacated if the Government filed a motion seeking review of the detention order. [*Id.*]. After it became aware of the Government's Motion for Review and for Stay (Re: 18 U.S.C. § 3145(a)), this court *sua sponte* vacated the bond release hearing set for August 13, 2018. *See* [#13]. That same day, the Government filed in this action a Motion to Continue Stay on Order of Release, [#12], which this

---

[1] The Indictment as filed with the Rule 5 Affidavit in this court is incomplete. *See* [#1]. A complete copy of the Indictment is available on the docket in the United States District Court for the District of Kansas, Criminal Case No. 5:18-cr-40060-DDC, ECF No. 1. This court uses the convention [ECF No. __] to refer to the docket for the District of Kansas.

court granted on August 6, 2018.  *See* [#16].  In the Order, this Magistrate Judge directed the Parties to contact her chambers to reset a bond release hearing within one day of any order by the presiding judge, the Honorable Daniel C. Crabtree, to release Defendant pending trial.  [*Id.*].

On August 7, 2018, Judge Crabtree granted the Government's Motion, and stayed this court's Order denying the Government's Motion for Detention.  *See* [#15-1].  In that same Order, Judge Crabtree ordered that "defendant be remanded to the custody of the United States Marshal Service and transported forthwith to the District of Kansas."  [*Id.*].  Judge Crabtree further ordered that upon Defendant's arrival in the District of Kansas, "counsel for the United States shall notify the court and the matter be set for a review hearing thereafter."  [*Id.*].  The Government then filed a Motion for Commitment to Another District in this action, [#15], which this court issued on August 7, 2018.  [#17].

The following day, Defendant filed the instant Motion, seeking to stay the Commitment to Another District and/or transfer of Mr. Banks to the District of Kansas to "allow his counsel the opportunity to appeal the order of detention entered by the U.S. District Court in Kansas."  [#20].  This court directed the Government to respond no later than August 10, 2018, and to address specifically the issue of this court's jurisdiction and authority (or lack thereof) to stay the Commitment to Another District.  [#22].  The Government filed its Response arguing *inter alia* that this court lacks jurisdiction to stay the Commitment to Another District.  *See* [#24].

## ANALYSIS

The Government moved in the District of Kansas for review of this court's Order denying the Government's Motion for Detention pursuant to 18 U.S.C. § 3145(a).  That section of the Bail

Reform Act provides:

> **Review of a Release Order**.—If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a).  A motion filed under this section should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction.  *See United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003).  In this case, as the Government points out, the United States District Court for the District of Kansas is the court of original jurisdiction.  And Judge Crabtree, as the presiding judge in the court of original jurisdiction, specifically ordered that Defendant be remanded to the custody of the United States Marshal to be transported to the District of Kansas.  *See* [#20].  The mechanism necessary to accomplish the transport of Defendant is the Commitment to Another District.  Nothing in this section of the Bail Reform Act, nor in any other authority of which this court is aware, allows a magistrate judge of another court to reconsider the order of the judge presiding in the court of original jurisdiction.  And to the extent that Judge Crabtree orders Defendant released from custody on different conditions set by the District of Kansas, it appears that this court would have no authority to modify those conditions or order the United States Marshals to transport Defendant back to the District of Colorado.  *See Sieverding*

4

*v. United States Dep't of Justice*, 693 F. Supp. 2d 93, 109 (D.D.C. 2010) (observing that the Marshals have no obligation to take steps to ensure that individuals who have been released from custody are returned to their residence).

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion for A Stay of Commitment to Another Jurisdiction and/or Transport Pending Appeal of District Court's Detention Order [#20] is **DENIED**, for the reasons set forth herein.

DATED:   August 13, 2018                          BY THE COURT:

                                                 /s/ Nina Y. Wang
                                                 Nina Y. Wang
                                                 United States Magistrate Judge